UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 13-265** |
| **BRIAN BURMASTER** | **SECTION: "H"** |

### ORDER AND REASONS

Before the Court is the issue of Defendant Brian Burmaster's mental competency. For the foregoing reasons, this Court holds Mr. Burmaster mentally incompetent to understand the proceedings against him and to assist in his own defense.

### BACKGROUND

Defendant Brian Burmaster was indicted on charges of making international threats and was arraigned on January 5, 2016. Thereafter, his counsel moved for a psychiatric exam to be performed on Defendant to determine (1) whether he is suffering from a mental disease that makes him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense and (2) whether he suffered from a

mental disease at the time of the offense, which might make him unable to appreciate the nature and quality of the wrongfulness of his acts.[1]

Defendant underwent a psychological evaluation by Drs. Robin Watkins and Bryon Herbel at the Federal Medical Center in Butner, North Carolina. The doctors submitted a report of their findings to this Court. In addition, a competency hearing was held on October 12, 2016 at which both doctors testified as to their assessment of Defendant.

## **LEGAL STANDARD**

A criminal defendant may not be tried unless he is competent. "[T]he criminal trial of an incompetent defendant violates due process."[2] A defendant will be considered incompetent if he is found by a preponderance of the evidence to "presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."[3] To be found competent to stand trial, "a defendant must: (1) be able to consult with the lawyer with a reasonable degree of rational understanding; (2) be able to otherwise assist in the defense; (3) have a rational understanding of the criminal proceedings; and (4) have a factual understanding of the proceedings."[4]

---

[1] *See* Doc. 16. As to the latter analysis, Defendant's doctors opined that Defendant "was suffering from a severe mental disease that would render him unable to appreciate the nature and quality or the wrongfulness of his actions at the time of the alleged offense." Gov. Exhibit 2. The Fifth Circuit has stated, however, that even when there is a possibility that a defendant may plead not guilty by reason of insanity, "it does not follow that prosecution is unnecessary." *United States v. Gutierrez*, 704 F.3d 442, 452 (5th Cir. 2013). Accordingly, the doctors' finding as to Defendant's competency at the time of the offense is irrelevant to the issue currently before the Court.

[2] *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996).

[3] 18 U.S.C. § 4241.

[4] *United States v. Sam*, No. 6:15-00254, 2016 WL 3030255, at *1–2 (W.D. La. May 26, 2016).

## LAW AND ANALYSIS

In light of the report of Defendant's evaluation and the testimony of his doctors, this Court holds that there is overwhelming evidence that he is incompetent to stand trial. Drs. Watkins and Herbel diagnosed Defendant with Schizoaffective Disorder, Bipolar type and Obsessive Compulsive Personality Disorder.[5] The doctors noted that Defendant exhibits a "pattern of mood disturbances consistent with manic episodes, in combination with ongoing paranoid and grandiose ideation."[6] His doctors opined that Defendant is not competent to proceed to trial in light of his impaired ability to reason, unrealistic expectations regarding the course of his case, impaired capacity to cooperate with and assist counsel, and inability to accept and integrate feedback from his attorney. Neither party offered any evidence at the hearing to refute this opinion.

Having found that Defendant is incompetent, the court must require that Defendant remain in the custody of the Attorney General "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward."[7] In their report, Defendant's doctors opined that Defendant's competency could be restored through a course of psychotropic medication. They also indicated, however, that they view it unlikely that Defendant will voluntarily comply with such a treatment.

In the event that after a reasonable period of time it is revealed that the doctors' prediction is accurate and Defendant refuses to voluntarily comply

---

[5] Gov. Exhibit 2.
[6] Gov. Exhibit 2.
[7] 18 U.S.C. § 4241(d).

with treatment, this Court will entertain any motions regarding involuntary medication[8] or civil commitment.[9]

## **CONCLUSION**

For the foregoing reasons, Defendant is declared incompetent to stand trial and committed to the custody of the Attorney General for a reasonable period of time, not to exceed four months, in order to determine whether Defendant may attain the capacity to permit the proceedings to go forward in the foreseeable future.

New Orleans, Louisiana this 20th day of October, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[8] *See Sell v. United States*, 539 U.S. 166 (2003).
[9] *See* 18 U.S.C. § 4246.